UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ENIL EDGARDO LANZA VARGAS and all others similarly situated under 29 U.S.C. 216(b),

        Plaintiffs,

vs.

ESPANOLA EQUITIES, LLC. d/b/a THE CLAY HOTEL,
AMY SELTZER,
EDWARD SELTZER,
BEVERLY S ANDERSON,

        Defendants.

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS, CLAIM FOR BREACH OF CONTRACT, AND CLAIM FOR UNJUST ENRICHMENT**

Plaintiff, ENIL EDGARDO LANZA VARGAS, on behalf of himself and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, ESPANOLA EQUITIES, LLC. d/b/a THE CLAY HOTEL, AMY SELTZER, EDWARD SELTZER, BEVERLY S ANDERSON, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Miami-Dade County, Florida at the time that this dispute arose.

3. The Defendant ESPANOLA EQUITIES, LLC. d/b/a THE CLAY HOTEL, is a company that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The individual Defendant AMY SELTZER is a corporate officer and/or owner and/or

1

manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant EDWARD SELTZER is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

6. The individual Defendant BEVERLY S ANDERSON is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. 203 (d).

7. All acts or omissions giving rise to this dispute took place in Miami-Dade County.

## COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8. This action arises under the laws of the United States. This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiff who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to

The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

10. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

11. Plaintiff worked for Defendants as a construction worker from on or about May 6, 2014 through on or about January 7, 2017.

12. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and the Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

14. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2013, 2014, 2015 and 2016.

15. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $125,000 for the first three months of the year 2017 and is expected to exceed $500,000 for the year 2017.

16. Between the period of on or about May 6, 2014 through on or about January 7, 2017, except for approximately the last week, Plaintiff worked approximately 65 hours a week for Defendants and was paid an average of $15.00 per hour but was never paid the half time overtime rate for all hours worked over 40 in a week as required by the Fair Labor. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a worked for Defendants.

17. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendants for the time period specified above.

## COUNT II. BREACH OF CONTRACT

COME NOW PLAINTIFF, through Counsel, and re-adopt the factual and jurisdictional statements in paragraphs 1-17 above and further states:

18. This Court has jurisdiction for Plaintiff's breach of contract claim under the Court's Supplemental Jurisdiction. 28 USC 1367.

19. On or about May 6, 2014, Plaintiff orally contracted for employment with Defendants and Defendants verbally agreed to pay Plaintiffs the average of $15.00 per hour.

20. Between the period of on or about May 6, 2014 through on or about January 7, 2017, for approximately the last week, Plaintiff worked approximately 33 hours for Defendants however Defendants have not paid Plaintiff any wages for approximately 33 hours that Plaintiff worked for Defendants at a rate of an average of $15.00 per hour.

21. Plaintiff is still owed by Defendants at least approximately $15.00 per hour for approximately 33 hours that Plaintiff worked for Defendants for the last week.

22. Plaintiff has performed all duties under the contract, and, as such, Defendants have breached the contract.

23. Defendants breached the contract with Plaintiff and, as a result, Plaintiff has been damaged.

24. Defendants remain owing Plaintiff the above-mentioned missing wages.

Wherefore, Plaintiff requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to the breach of contract, demands judgment be entered in favor of Plaintiff against Defendant for damages along with fees, costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

## COUNT III. UNJUST ENRICHMENT

COMES NOW PLAINTIFF, through Counsel, and re-adopts the factual and jurisdictional statements in paragraphs 1-24 above and further states:

25. Plaintiff reasserts and re-alleges paragraphs 18-24 above regarding Plaintiff's Claim for Breach of Contract (Count II), as such facts also give rise to an action for unjust enrichment. Such facts which establish the breach, are also those which have resulted in unjust enrichment. Plaintiff seeks this claim in equity based on such facts, should it be determined he cannot recover at law under a breach theory.

26. Due to the aforesaid facts (also relevant to Plaintiff's claim for breach of contract – Count II), the Plaintiff has conferred a benefit upon the Defendants. The Defendants have knowledge of the benefit conferred and continues to retain that benefit undeservedly. Defendants voluntarily accepted and retained such benefit, because Plaintiff worked for Defendants, Defendants permitted Plaintiff to work for him and his business, because Defendants chose to maximize his and his business's profit.

27. It would be inequitable and unjust for Defendants to continue to retain the benefit, as Plaintiff conferred a benefit on Defendants which Defendants was legally responsible to pay for.

WHEREFORE, Plaintiff requests all damages as allowed by law and reasonable attorney fees from the Defendants, jointly and severally, pursuant to unjust enrichment, demands judgment be entered in favor of Plaintiff against Defendants for damages along with fees, costs, interest, and any other relief that this Court finds just and reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

                                                Respectfully Submitted,

                                                J.H. Zidell, Esq.
                                                J.H. Zidell, P.A.

                    Attorney For Plaintiff
                    300 71st Street, Suite 605
                    Miami Beach, Florida 33141
                    Tel: (305) 865-6766
                    Fax: (305) 865-7167
                    Email: ZABOGADO@AOL.COM

                    By:\_\_/s/ J.H. Zidell_____
                         J.H. Zidell, Esq.
                     Florida Bar Number: 0010121