UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-20405-MORENO

ENIL EDGARDO LANZA VARGAS,

    Plaintiff,

vs.

ESPANOLA EQUITIES, LLC, d/b/a THE
CLAY HOTEL,
AMY SELTZER,
EDWARD SELTZER,
BEVERLY S ANDERSON,

    Defendants.
_____/

## JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT, *IN CAMERA* INSPECTION, AND JOINT STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff Enil Edgardo Lanza Vargas and Defendants Espanola Equities, LLC, Amy Seltzer, Edward Seltzer, and Beverly S. Anderson (collectively, the "Parties") hereby file this Joint Motion for Approval of Settlement Agreement, *In Camera* Inspection, and Joint Stipulation of Dismissal with Prejudice, and state the following:

1. This is an action filed under the Fair Labor Standards Act ("FLSA"), in which Plaintiff sought recovery for overtime wages allegedly due and owing to him as well as for alleged breach of contract and unjust enrichment related to unpaid wages for one week of work. Defendants deny Plaintiff's allegations. Specifically, Defendants contend that Plaintiff was not an employee of any of the Defendants within the meaning of the FLSA, but rather was an independent contractor.

2. After extensive discovery, the Parties attended mediation on Monday, August 14, 2017, were able to reach a compromise, and entered into a confidential Settlement Agreement ("the Agreement").

3. Plaintiff acknowledges that the Agreement provides for compensation to him based on a fair compromise of all claimed overtime wages, the alleged liquidated damages owed, the breach of contract/unjust enrichment claims, and that the terms of the agreement are fair and reasonable.

4. The reasons for the compromise are as follows: Plaintiff's complaint sought recovery of overtime compensation from Defendants for the time period of May 2014 until January 2017 for work he performed at the Clay Hotel in Miami Beach, Florida. See Pl.'s Compl. ¶¶ 11, 16. Even if one assumed for the sake of argument that Defendants were found to be Plaintiff's employer, Defendants proffered during discovery undisputed evidence that Espanola Equities, LLC sold its operational interest in the Clay Hotel in November 2015, after which time it had no responsibility over the operation of the Clay Hotel. As a result, any liability Defendants' might have had to the Plaintiff ended in November 2015. Furthermore, as explained in more depth in their Motion for Summary Judgment [D.E. 27], Defendants contend that Plaintiff performed work at the Clay Hotel as an independent contractor. Finally, with regard to the breach of contract/unjust enrichment claims, Defendants also proffered undisputed evidence that Plaintiff was compensated for his last week of work from another entity who is not party to this lawsuit. If this matter had proceeded to trial (and Defendants believe that summary judgment should have been entered in their favor regardless, if this matter had not settled), Defendants believe Plaintiff would have received less than the amount he received set forth in

the Agreement, even if liquidated damages were factored in. Defendants further believe Plaintiff was entitled to no damages at all.

5. Generally in FLSA cases when attorney's fees are negotiated separately from the plaintiffs recovery, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to the attorney. Bonetti v. Embarq Mgmt. Co., 715 F.Supp.2d 1222, 1228 (M.D.Fla.2009). Where the attorney's fees are not negotiated separately, the Court must separately review the reasonableness of counsel's legal fees. Silva v. Miller, 307 F. App'x 349, 351 (11th Cir.2009). Sommer v. Augie My Boy, LLC, 2:14-CV-77-FTM-29CM, 2015 WL 268991, at *3 (M.D. Fla. Jan. 21, 2015). In this matter, Defendants negotiated Plaintiff's damages separately from the fees and costs, and insisted that they would agree to pay the Plaintiff a specific amount separately from fees and costs (which the Plaintiff accepted).

6. Defendants believe that Plaintiff is not entitled to the benefits conferred to him in the Parties' Agreement, and he is receiving compensation he likely would not have recovered had the Court ruled on their motion for summary judgment or if the case proceeded to trial. Notwithstanding this position, Defendants have also taken into account the uncertainty and risks inherent in any litigation and the attorneys' fees associated with this type of action.

7. The Parties acknowledge that their resolution to this case was arrived at after careful consideration and extensive negotiations on a disputed claim.

8. Because of the nature of Plaintiff's claims, the Agreement requires Court approval. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1352 (11th Cir. 1982). Because it contains a confidentiality provision, the Parties propose to submit the Agreement via

facsimile or email transmission to Chambers, and respectfully request an *in camera* inspection and review of the Agreement pursuant to Lynn's Food Stores.[1]

9. Importantly, throughout the entirety of the resolution process, Plaintiff was represented by competent counsel with experience in this area of law. Defendant was also represented by experienced counsel throughout this process.

10. The amount of the settlement that will go to Plaintiff's counsel reflects the actually hours expended by Plaintiff's counsel on this matter, the actual hard costs incurred by Plaintiff's counsel, and is less than the actual fees and costs incurred to date by Plaintiff's counsel. Regarding costs, Plaintiff's Counsel expended $2,881.75.

11. WHEREFORE, the Parties jointly and respectfully request that the Court permit the Parties to submit the Agreement for *in camera* review either by email or facsimile transmission to Chambers, and enter an Order approving the Agreement and dismissing this case with prejudice, and also retaining jurisdiction for purposes of enforcement.

Dated: August 17, 2017.

                                                            Respectfully submitted,

                                                            J.H. ZIDELL, P.A.
                                                            300 71st Street, Suite 605
                                                           Miami Beach, Florida 33141
                                                           Telephone:  305.865.6766
                                                           Facsimile:   305.865.7167

                                                           /s/ J.H. Zidell

---

[1] Permitting an *in camera* review would be consistent with the orders of this Court that have allowed parties to FLSA settlements to submit confidential settlement agreements for *in camera* review without having to file the settlement agreement with the Clerk. See, e.g., Retureta v. Extended Auto Warranty, LLC, et al., No. 10-CV-60436-FAM (S.D. Fla. Nov. 23, 2010) (Order Approving Settlement and Final Order of Dismissal [D.E. 27]); Groh v. A-All Porpoise Services, Inc., et al., No. 10-cv-60477-FAM (S.D. Fla. June 29, 2011) (Order Approving Settlement and Final Order of Dismissal [D.E. 41]).

    J.H. Zidell
     zabogado@aol.com
     Florida Bar No. 0010121

*Counsel for Plaintiff*

OGLETREE, DEAKINS, NASH, SMOAK
 & STEWART, P.C.
701 Brickell Avenue
Suite 1600
Miami, Florida 33131
Telephone: 305.374.0506
Facsimile:  305.374.0456

/s/ David M. DeMaio
David M. DeMaio
  Florida Bar No. 886513
  david.demaio@ogletreedeakins.com
Gregory R. Hawran
  Florida Bar No. 55989
  greg.hawran@ogletreedeakins.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on August 17, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                      /s/ David M. DeMaio
                      David M. DeMaio

## SERVICE LIST

*Enil Edgardo Lanza Vargas v. Espanola Equities, LLC, et al.*
*United States District Court for the Southern District of Florida*
CASE NO.1:17-cv-20405-FAM

J.H. Zidell, Esq.
zabogado@aol.com
K. David Kelly
david.kelly38@rocketmail.com
Rivkah F. Jaff
rivkah.jaff@gmail.com
Bruno A. Garofalo
bruno.garofalo.esq@gmail.com
Natalie Staroschak
nstar.zidellpa@gmail.com
J.H. Zidell, P.A.
300 71st Street, Suite 605
Miami Beach, FL 33141
Telephone: 305.865.6766
Facsimile:  305.865.7167

*Counsel for Plaintiff,*
*Enil Edgardo Lanza Vargas*

Method of Service:  CM/ECF

David DeMaio
  david.demaio@ogletreedeakins.com
Gregory R. Hawran
  gregory.hawran@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
  SMOAK & STEWART, P.C.
701 Brickell Avenue
Suite 1600
Miami, FL 33131-2813
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendants*

30922380.1